

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# Vuong v. JC Penney Co Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

### Recommended Citation

"Vuong v. JC Penney Co Inc" (2006). *2006 Decisions.* Paper 1630.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1630

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO:  05-3316

THERESA VUONG,
                                        Appellant

v.

MANAGEMENT OF J.C. PENNEY'S CO., NO. 500 LEHIGH
VALLEY MALL/WHITEHALL-PA 18052; ANTONIA WHITE;
CHITRAM VERMA; DENNIS TUCKOWSKI; DAN CLARK
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-03940)
Senior District Judge:  Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 27, 2006
BEFORE:  FISHER, ALDISERT and WEIS, Circuit Judges

(Filed:    February 7, 2006)

_____

OPINION
_____

PER CURIAM.

        Appellant Theresa Vuong appeals pro se from the District Court's grant of

the Defendants' motion for summary judgment on her complaint alleging discrimination

under the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. Ann. §§ 951-

963 (PHRA), Title VII, 42 U.S.C. §§ 2000e to 2000e-17 (sex and national origin

discrimination), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et. seq. We will affirm.

I.

The parties are familiar with the facts, thus, we will only briefly summarize them here. Vuong, a fifty-five year-old Vietnamese immigrant, was hired by JC Penney in 1998 to work in the Catalog Department. Beginning in November of 2000, Vuong requested a number of promotions and department transfers. Management denied her requests. Vuong alleges that she was a good employee, receiving two certificates of excellence for convincing customers to open charge accounts. However, she consistently scored below expectations in her annual performance evaluations. For example, in March 2001, she was graded "well below" expectations in eight out of sixteen categories. The evaluation also reflects that Vuong failed to adhere to store policies and had difficulty working with others in the department. A followup review on July 31, 2001, found that she fabricated an invoice and often disagreed with other members of the department. The review further specified that "Theresa has 30 days to show improvement or she will be dismissed for unsatisfactory performance." JC Penney terminated Vuong's employment on September 18, 2001.

On March 17, 2002, she mailed what could be considered a complaint to the Pennsylvania Human Relations Commission (PHRC). The PHRC declined to take action and issued a right to sue letter. Vuong then filed the current suit. She alleges that during the course of her employment her former supervisor, Antonia White, told her not to

2

answer the phone because of her Vietnamese accent, and that other management personnel explained that her foreign culture did not fit in with the department. She also claims that a co-worker, who never possessed employment decision-making authority, told her that she was too old and that the company prefers to hire younger males. The District Court assumed that Vuong could make out a prima facie case under the summary judgment standard, but ruled that in every instance, she failed to counter the Defendants' legitimate non-discriminatory reasons for their actions. Vuong appealed.[1]

## II.

At the outset, we agree with the District Court that several of Vuong's claims are barred because she failed to timely exhaust her administrative remedies. See Woodson v. Scott Paper Co., 109 F.3d 913, 925-26 (3d Cir. 1997) (explaining that a PHRA claim is barred unless brought before the PHRC within 180 days of the incident); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (explaining that ADEA and Title VII claims must be brought within 300 days of the incident). However, even if that were not the case, all of Vuong's claims fail on the merits.

We analyze Vuong's claims under the burden shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See also Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (holding PHRA claims can be

---

[1]    We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment and apply the same test as the District Court. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).

treated coextensively with Title VII and ADEA claims). Assuming that Vuong establishes a prima facie case, the burden shifts to the Appellees to state a legitimate non-discriminatory reason for the employment action. See McDonnell Douglas, 411 U.S. at 804-05. The Appellees give multiple reasons for their conduct: (1) Vuong requested transfers to positions that did not exist or were not available at the time; (2) JC Penney has a policy prohibiting the promotion or transfer of an employee if she is not performing at a satisfactory level in her current position; (3) Vuong violated store policies and procedures; and (4) Vuong failed to improve her performance.

In order to survive a motion for summary judgment, Vuong must establish a reasonable inference that the Appellees' explanations are pretextual and unworthy of credence. See Kautz v. Met-Pro Corp., 412 F.3d 463, 467-68 (3d Cir. 2005) (citations omitted). Vuong fails to present anything more than broad accusations suggesting a conspiracy to falsify the complaints and performance evaluations. She claims that White, other former-coworkers, and even customers conspired to falsely accuse her of poor work and policy violations. However, she provides no evidence in the form of affidavits, depositions, or otherwise that any of her accusations have merit.

With respect to her promotion and transfer claims, she fails to argue or submit any evidence showing that the positions she requested actually existed or had openings at the times she applied. She also fails to challenge JC Penney's policy of not transferring or promoting poorly performing associates, or that an exception to this rule was ever made. While Vuong does submit evidence that she abided by store policy in

4

giving herself a discount on September 11, 2001, she fails to refute the numerous other alleged policy violations put forth by the Appellees.

For the foregoing reasons, we are simply unable to infer that any of the Appellees' reasons for their actions are pretextual. Accordingly, we will affirm the judgment of the District Court.